**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JOHN REES,                          :
AIS 228389,
                                    :
    Petitioner,
vs.                                 :        CA 07-0589-KD-C

FREDDIE BUTLER,                     :

    Respondent.

**REPORT AND RECOMMENDATION**

John Rees, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

**FINDINGS OF FACT**

1.      Rees was convicted in the Circuit Court of Baldwin County, Alabama on April 8, 2003, of first-degree rape and first-degree sexual abuse; he was sentenced to life imprisonment on the rape count and ten years on the sexual abuse count, with the sentences to run concurrently. (Doc. 4, Exhibit 1,

at 2 & Exhibit 2, at 1) Petitioner directly appealed his convictions and sentences to the Alabama Court of Criminal Appeals; these convictions and sentences were affirmed. (*See* Doc. 4, Exhibit 2, at 1) Rees did not file an application for rehearing in the Alabama Court of Criminal Appeals nor did he seek certiorari review in the Alabama Supreme Court. (*Id.* at 2 ("Petitioner acknowledges that he did not seek rehearing of the dismissal of his appeal by the Alabama Court of Criminal Appeals or seek certiorari in the Alabama Supreme Court[.]"))[1]

    2.    Rees filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on June 8, 2004, collaterally attacking his convictions and sentences. *See Rees v. McDonnell*, CA 04-0368-WS-M. On July 20, 2005, United States Magistrate Judge Bert W. Milling, Jr., recommended that the petition be dismissed on the basis that the five claims raised by petitioner were procedurally defaulted. (*See* Doc. 4, Exhibit 2). United States District Judge William H. Steele adopted Magistrate Judge Milling's report and recommendation by order entered on August 2, 2005. (Doc. 4, Exhibit 3)

---

[1] The Alabama Court of Criminal Appeals issued a certificate of final judgment of affirmance on March 10, 2004. (Doc. 4, Exhibit 1, at 3)

3. Petitioner filed written notice of appeal on August 18, 2005, *Rees v. McDonnell, supra,* at Doc. 27. On September 9, 2005, Rees filed a motion to proceed on appeal *in forma* pauperis, *see id*. at Doc. 29, and, three days later, a declaration in support of his IFP request, *id*. at Doc. 30. This Court denied all motions filed by petitioner. *Id*. at Docs. 31 & 32.

4. Rees filed a motion to dismiss all proceedings in his first federal habeas case on September 22, 2005, *id*. at Doc. 34; this Court denied this motion for lack of jurisdiction, *id*. at 35. On October 5, 2006, the Eleventh Circuit Court of Appeals granted petitioner's motion to dismiss his appeal. (Doc. 4, Exhibit 4)

5. Rees filed the instant habeas corpus petition in this Court on August 16, 2007. (Doc. 1, at 13 (petition signed on this date))  While petitioner claims that the issues raised in the instant petition were not raised in his first petition (*id*. at 9), it appears to the undersigned that at least some of the claims are the same (*compare* Doc. 1 *with* Doc. 4, Exhibit 2).

## CONCLUSIONS OF LAW

1. Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of

habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

    2.    The instant petition, filed on August 16, 2007 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition.[2]

---

[2]    In fact, petitioner's sole argument in response to the successive-petition argument raised by the respondent is that the instant petition, admittedly his second federal habeas corpus petition, need be considered by this Court pursuant to § 2244(b)(2) because it contains a claim based on newly discovered evidence. (Doc. 7) Section 2244(b)(2) provides, as follows:

> (2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Rees' request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 LED.2d 714 (1997).

    3.    The undersigned recommends that this Court dismiss Rees' present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631. *See Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the

---

28 U.S.C. § 2244(b)(2)(A) & (B). Even if this Court was to assume along with Rees that he has a claim that should be considered by this Court under § 2244(b)(2), such finding would have no bearing on the relevant statutory requirement that Rees seek an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider his successive application. *Compare id. with* 28 U.S.C. § 2244(b)(3)(A) ("**Before a second or successive application permitted by this section** is filed in the district court, the applicant **shall** move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In other words, section 2244(b)(3)(A) presupposes a petition which contains a claim based on newly discovered evidence (or other appropriate claim) but still requires that the petitioner obtain an order from the appropriate court of appeals authorizing the district court to consider the application. It is Rees' failure to obtain the requisite order from the Eleventh Circuit that requires the dismissal of this action.

viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '*[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A).").

## **CONCLUSION**

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections

to the report and recommendation of the Magistrate Judge.

**DONE** this the 18th day of October, 2007.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.        *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                            s/WILLIAM E. CASSADY                   
                                                           UNITED STATES MAGISTRATE JUDGE